640

EX PARTE O. G. TAYLOR.

No. 21886. Delivered October 22, 1941.
Rehearing Denied November 26, 1941.

The opinion states the case.

*Kenneth Aynesworth,* of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

The brief of the State's Attorney before this court very clearly and succinctly sets forth the facts and the law, so we think, in this matter, and we adopt the same as the opinion of the court, as follows:

"The relator filed his application for a writ of habeas corpus in the Criminal District Court of Harris County seeking his discharge from the custody of the Sheriff of Harris County. The court remanded relator to the custody of the sheriff.

"It appears that at the August term of court, 1938, in cause No. 45,917, the relator was charged with the offense of swindling and felony theft, the offense being a felony. It further appears that the case was set for trial several times, at which time the cases were passed. Finally, on the 16th of March, 1939, the case was passed and it was agreed at this time that relator would plead guilty to misdemeanor theft and was given a period of six months in which to arrange for the payment of a

fine of one dollar, together with costs of prosecution. It appears that at the May term of court, 1939, relator was ready to pay his fine of one dollar and costs of $34.85 and tendered same to the sheriff of Harris County. The sheriff, however, refused to accept this amount in discharge of the judgment, taking the position that all of the costs that had been incurred, both at the time the relator was charged with felony and when he plead guilty to a misdemeanor upon the offense being reduced, should be paid. These costs amounted, according to the bill of costs, to $213.87. Upon the failure of relator to pay the costs, a capias pro fine was issued and served and relator was committed to jail under this capias. He seeks his discharge from this commitment. He takes the position that he should be required to serve in jail to satisfy only the costs incurred in connection with the misdemeanor prosecution, which amounted to $34.85, and that the costs incurred at the time prior to the felony being reduced to a misdemeanor can be collected only under execution. It will be seen that the conviction for a misdemeanor was had under the indictment for felony theft upon a reduction by the district attorney. In such case the State takes the position that relator must discharge the costs incurred in the prosecution by being detained in custody unless he pays the costs. There are no cases that we have been able to find dealing with this question. There is the case of *Ex parte Hill, 15 S. W. (2d) 14,* holding that the costs which have been paid by the State are to be discharged through the levy of execution and not by the retention of a defendant who has been confined in jail. This case, however, was decided prior to the amendment of *Article 1019 of the Code of Criminal Procedure* by the 42nd Legislature in 1931. This authority is now inapplicable in the light of this amendment. It will be seen that, prior to this amendment, Article 1018 and Article 1019 provided that in case a party was indicted for a felony and convicted of a misdemeanor that no fees should be paid by the State to any officer and that when any defendant was convicted in a felony case, except where the punishment was death or life imprisonment, the costs should be paid into the State Treasury *when collected.* The court held that this called for reimbursement of the State Treasury and reimbursement could not take place by holding a defendant in jail but could only be reimbursed by the collection of the costs. Under the amendment in 1931 of *Article 1019 of the* Code of Criminal Procedure, the provision was the same as prior to the amendment, with the following additional: 'All costs in such cases shall be taxed, assessed and *collected* as in misdemeanor cases.' An inspection of Article 783 reflects

that if the fine *and costs* are not paid in a misdemeanor case the convicted defendant shall be committed to jail for until the fine and costs are paid. It would seem, therefore, that the amendment to this article makes inapplicable Article 1018, which deals with the liability of a defendant for costs in a felony case, so that the costs incurred in the whole cause are to be satisfied as in misdemeanor cases, that is, through payment or service in jail. There has been no decision construing this article except that of Ex parte Rhoder, 47 S. W. (2d) 827, upon which relator apparently relies. However, it appears from the facts of this case that the clerk sought to tax costs in a felony case where the defendant had been convicted of a misdemeanor, but the felony charged did not include the misdemeanor of which he was convicted. It appears that the felony prosecution was *abandoned* and a misdemeanor complaint under another article of the statute was filed. In such case you clearly have two separate prosecutions, but in the instant case you have a conviction for a misdemeanor under an indictment for a felony upon reduction by the State to a misdemeanor offense that is included within the felony offense charged in the indictment. The State therefore submits that the relator should be committed to custody until all costs as taxed by the clerk have been satisfied, and prays the court that the judgment of the trial court remanding relator to custody be affirmed."

Under the above reasoning, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant insists that we reached a wrong conclusion in construing Art. 1019 C. C. P. as controlling in the present case. A re-examination of the question confirms our opinion that as amended in 1931 by the 43d Legislature, page 338, the said article does not apply here.

Appellant's motion for rehearing is overruled.